UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

CAMILO NUNEZ GUTIERREZ,

    Defendant-Movant.
_____/

Case No. 1:02-cr-18

HON. JANET T. NEFF

**OPINION**

This matter is before the Court on Camilo Nunez Gutierrez's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 424). The Government has filed a Motion to Dismiss (Dkt 425) on the basis that Gutierrez's complaint is time-barred pursuant to § 2255(f). Gutierrez has filed a Response (Dkt 428) to the Government's Motion.

**I. BACKGROUND**

On July 26, 2002, Gutierrez pled guilty to conspiracy to possess with intent to distribute and to distribute at least 1,000 kilograms of marijuana and at least 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1), 841 (b)(1)(A)(ii) and (vii) (Dkt 217). On November 12, 2002, Gutierrez was sentenced to 151 months imprisonment followed by 5 years of supervised release and, a Judgment was entered that same day (Dkt 271). Gutierrez did not appeal the Judgment. On February 4, 2009, more than six years later, Gutierrez filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt 424).

Respondent has moved to dismiss Gutierrez's motion because it is time-barred by the one-year limitations period under 28 U.S.C. § 2255(f)(1) (Dkt 425 at 2). Gutierrez counters with the argument that the circumstances of this case warrant equitable tolling of the § 2255 limitations period (Dkt 428 at 2-3).

## II. DISCUSSION

The one-year limitation period in § 2255 is subject to the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). However, "[t]he petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

In support of his argument for equitable tolling, Gutierrez points to the five factors set forth in *Dunlap*, 250 F.3d at 1008-09. In *Dunlap*, the Sixth Circuit Court of Appeals ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988):

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.

More recently, however, the United States Supreme Court has held that a petitioner seeking equitable tolling must (1) show that he has been pursuing his rights diligently, and (2) point to "some extraordinary circumstance" that stood in the way. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Similarly, the Sixth Circuit has emphasized that "equitable tolling [should] be applied sparingly." *Dunlap*, 250 F.3d at 1009. Moreover, the *Andrews* factors are not necessarily comprehensive, and they are not all relevant in all cases. *Cook*

*v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005).

Gutierrez argues that he lacked notice of the filing requirement because he was never advised by the trial court or his counsel of the deadline under § 2255. However, the Sixth Circuit has held that the statutory language itself is enough to place petitioners on notice of timing issues imposed by the statute of limitations. *Allen v. Yukins*, 366 F.3d 396, 402 (6th Cir. 2004). Even if Gutierrez lacked actual knowledge of the limitations period, ignorance of the law alone is insufficient to warrant equitable tolling. *Id.* at 403.

Gutierrez also asserts that he lacked constructive notice because: (1) he could not understand English; and (2) he is proceeding *pro se*. As an initial matter, Gutierrez has failed to show that he could not speak or understand the English language. A review of the transcript from Gutierrez's sentencing in 2002 shows that Gutierrez was able to testify fluently in English at his sentencing.[1]

---

[1] THE COURT: Ms. Krause-Phelan, have you have a chance to review and discuss the report with Mr. Gutierrez?

MS. KRAUSE-PHELAN: I have, Your Honor.

THE COURT: How was that handled? Was the report translated into Spanish for him?

MS. KRAUSE-PHELAN: No, it was not, Your Honor. Up until this point, Mr. Gutierrez has been able to communicate with me in English. He only requested today that his allocution be in Spanish. He wanted to make sure that he articulated himself appropriately. But for all intents and purposes, Your Honor, we've been able to communicate.

THE COURT: To the best of your knowledge, he reads and understands English?

MS. KRAUSE-PHELAN: Yes, Your Honor.

Moreover, "[a]n inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). "[W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations." *Id.*

With regard to his *pro se* status, Gutierrez argues that it was reasonable for him to remain ignorant of the limitations period because he did not have the assistance of counsel and thus relied on "jailhouse lawyers," who, although diligent, did not have a clear understanding of the law. However, the fact that Gutierrez is untrained in the law, may have been proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Allen,* 366 F.3d at 403 (neither ignorance of the law nor the reliance on incorrect legal advice justifies tolling); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (holding that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing");

---

> THE COURT: Mr. Gutierrez, did you receive a copy of the presentence report?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Did you discuss it was Ms. Krause-Phelan?
>
> THE DEFENDANT: Yes, Your Honor?
>
> THE COURT: Did you need it to be translated into Spanish for you or were you able to read the English version?
>
> THE DEFENDANT: I was able to read it myself, Your Honor.

Sent. Tr. 3:19 - 4:17.

*Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling).

Finally, Gutierrez also argues that he exercised due diligence in pursuing his claim. In particular, Gutierrez contends that he made continued attempts to obtain documents in order to comply with filing requirements. However, in *Dunlap*, the court held that "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition, [p]etitioner has failed to exercise due diligence in pursuing his claim; [p]etitioner's case is therefore not appropriate for the doctrine of equitable tolling." *Dunlap*, 250 F.3d at 1010. In the present case, Gutierrez has not given a satisfactory explanation for his failure to timely file. In addition, Gutierrez has not put forth any extraordinary circumstances that may have prevented him from filing. *Pace*, 544 U.S. at 418; *Lawrence*, 549 U.S. at 336. Therefore, Gutierrez has not satisfied his burden of showing that he is entitled to equitable tolling.[2]

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to grant the issuance of a certificate of appealability to Gutierrez. RULES GOVERNING § 2255 CASES, Rule 11; *see also Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

---

[2]Gutierrez also argues that the Government will not suffer prejudice if the limitations period is tolled. However, lack of prejudice to a respondent is used in the calculus only if a factor that might justify tolling is identified. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). Given the absence of any reason to apply the equitable tolling doctrine, this Court is barred from considering this factor. *Allen*, 366 F.3d at 404.

5

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Upon review, the Court determines that this standard is not met because reasonable jurists could not find it debatable whether Gutierrez's claims should be dismissed on the ground that they are time-barred by the statute of limitations in 28 U.S.C. § 2255(f). As such, a certificate of appealability will be denied.

### IV.  CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Dkt 425) is GRANTED. Gutierrez's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 424) is DISMISSED with prejudice.

An Order of Dismissal consistent with this Opinion will enter.


DATED: March 19, 2010           /s/ Janet T. Neff
                                JANET T. NEFF
                                United States District Judge